1    ALAN ADELMAN, ESQ.   BAR NO:  170860
     LAW OFFICES OF ALAN ADELMAN

2    240 Stockton Street, 4th Floor
     Union Square

3    San Francisco, California  94108
     Telephone:  (415) 956-1376

4    Facsimile:  (415) 358-4060

5    Attorney for Plaintiff

6

7

8                 **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11    BRETT W. BJORKQUIST,                 )    **CASE NUMBER:**
                                       )

12             Plaintiff,           )    **COMPLAINT**
                                         )    **DEMAND FOR JURY TRIAL**

13    vs.                                    )
                                         )

14    MONSTER CABLE PRODUCTS, INC.,      )
                                         )

15                                          )
            Defendant.         )

16 _____ )

17        Plaintiff BRETT W. BJORKQUIST ("Plaintiff") alleges as follows:

18             **JURISDICTION AND INTRA-DISTRICT ASSIGNMENT**

19        1.      The jurisdiction of this Court is invoked under the provisions of 28 U.S.C. § 1331 and 28

20 U.S.C. § 1343, as an action arising under the laws of the United States; under the provisions of the Americans

21 with Disabilities Act, 42 U.S.C. §12101 et seq., as amended by the ADA Amendments Act of 2008.

22 Jurisdiction of this court is further invoked under the provisions of the Family and Medical Leave Act, 29

23 U.S.C. §2601 et seq..  This court has jurisdiction over Plaintiff's supplemental state law claims under 28

24 U.S.C. §1367(a).

25        2.      Pursuant to Civil L.R. 3-2(d), this case should be assigned to the San Francisco or Oakland

26 Division, as this case arises in San Mateo County, California.

COMPLAINT; DEMAND FOR JURY TRIAL

1

**PARTIES**

2    3.    Plaintiff is a natural person residing in San Mateo, California.  At all relevant times, Plaintiff

3    was employed by Defendant MONSTER CABLE PRODUCTS, INC. ("Defendant") in San Mateo County,

4    California.

5    4.    Plaintiff is informed and believes, and on that basis alleges, that at all times stated herein,

6    Defendant is and was a California corporation, with its headquarters located in the City of Brisbane, County

7    of San Mateo, State of California.

8    **ADMINISTRATIVE EXHAUSTION**

9    5.    On October 22, 2013, Plaintiff caused to be delivered via U.S. mail for filing with the United

10   States Equal Employment Opportunity Commission ("EEOC") a Charge alleging that Defendant discriminated

11   against Plaintiff on the basis of disability, failed to engage in the interactive process, failed to provide Plaintiff

12   reasonable accommodation and retaliated against Plaintiff and terminated Plaintiff's employment because of

13   Plaintiff's physical disability and need for medical leave and other accommodation.

14   6.    On November 14, 2013, the EEOC issued to Plaintiff Right-To-Sue Notice in association with

15   Plaintiff's aforementioned Charge against Defendant.

16   7.    On or about October 22, 2013, Plaintiff delivered via U.S. mail for cross-filing with the EEOC

17   a California Department of Fair Employment and Housing ("DFEH") Complaint alleging that Defendant

18   discriminated against Plaintiff on the basis of disability, failed to provide Plaintiff reasonable accommodation

19   and retaliated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's physical disability

20   and need for medical leave and other accommodation.

21   8.    On November 14, 2013, the EEOC issued to Plaintiff the DFEH Right-To-Sue Notice in

22   association with Plaintiff's aforementioned DFEH Complaint against Defendant.

23   9.    All administrative exhaustion requirements have been timely fulfilled as to Defendant and as

24   to each cause of action.

25

26

COMPLAINT; DEMAND FOR JURY TRIAL

## GENERAL ALLEGATIONS

10.     On December 12, 2005, Plaintiff began working for Defendant in the position of Mix and Merchandising Specialist stationed at Employer's Brisbane, California headquarters.

11.     Over the course of the next seven years, Plaintiff earned multiple promotions and assumed increasingly greater authority and responsibility.

12.     Plaintiff's performance was always rated as meeting or exceeding Defendant's expectations.

13.     On or about September 7, 2012, Plaintiff was hospitalized on an emergency basis for the removal of his Appendix.

14.     Due to this serious health condition, Plaintiff was forced to take a medical leave of approximately a month.

15.     In May 2013, Plaintiff was diagnosed with a Diverticulitis condition.

16.     Throughout the time period of May through July, 2013, Plaintiff sought treatment for his Diverticulitis condition.

17.     The symptoms of Plaintiff's condition were such that Plaintiff was limited in his ability to work and engage in other major life activities.   On some days, the symptoms were so disabling that Plaintiff was completely unable to work.  On other days, Plaintiff was able to work a reduced schedule.

18.     Accordingly, Plaintiff requested the accommodation of intermittent medical leave on those days that Plaintiff was not physically able to work, and a reduction in Plaintiff's work hours on those days that Plaintiff was able to work a reduced schedule.

19.     On August 2, 2013, Defendant terminated Plaintiff's employment while Plaintiff was continuing to seek treatment for Plaintiff's Diverticulitis condition and while Plaintiff continued to need the aforementioned accommodations.

20.     No legitimate business reason existed for Defendant to terminate Plaintiff's employment, as Plaintiff's performance was strong and Defendant had a continuing need for Plaintiff's services.

21.     It would not have caused Defendant an undue hardship to have allowed Plaintiff to remain on intermittent medical leave on those days which Plaintiff was completely unable to work, and to have allowed

1   Plaintiff to work less than the fourteen to sixteen hours a day that Plaintiff often had previously worked on

2   those days which Plaintiff was able to work but on a reduced schedule.

3       22.     Defendant refused to reasonably accommodate Plaintiff's disability through the provision of

4   the requested intermittent medical leave and reduced work hours.

5       23.     Defendant refused to engage in the interactive process in good faith to determine the extent to

6   which Plaintiff could perform the essential functions of Plaintiff's job with or without reasonable

7   accommodation.

8       24.     Defendant terminated Plaintiff's employment due to Plaintiff's disabilities and due to

9   Plaintiff's need for accommodations.

10      25.     Defendant terminated Plaintiff in retaliation against Plaintiff for requesting medical leaves to

11  seek treatment for and to recover from Plaintiff's serious health conditions.

12      26.     Defendant interfered with and refused to provide Plaintiff with the ongoing intermittent

13  medical leave which Plaintiff continued to need to seek treatment for and to recover from Plaintiff's

14  Diverticulitis condition.

15                          **FIRST CAUSE OF ACTION**
                **(DISCRIMINATION ON THE BASIS OF DISABILITY IN**
16              **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
                **AS AMENDED BY THE ADA AMENDMENTS ACT 0F 2008)**
17
        27.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as
18
    if fully set forth herein.
19
        28.     Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.
20
        29.     Defendant is a "covered entity" pursuant to 42 USC §12111(2); 29 CFR §1630.2(b).
21
        30.     Plaintiff was an "individual with a disability" pursuant to 42 U.S.C. §12102(1); 29 CFR
22
    §1630.2. More specifically, Plaintiff suffered from a physical disability that substantially limited one or more
23
    of Plaintiff's major life activities, Plaintiff had a record of having such a disability, and Plaintiff was regarded
24
    by Defendant as having such a disability.
25
        31.     At all relevant times, Plaintiff was a "qualified individual with a disability" pursuant to 42
26

1   U.S.C. §12112(a); 29 CFR §1630.2(m).  More specifically, Plaintiff was an individual with a disability who,

2   either with or without reasonable accommodation, could perform the essential functions of Plaintiff's former

3   position with Defendant and/or another vacant position.

4         32.     Defendant's refusal to offer to Plaintiff reasonable accommodation which would allow Plaintiff

5   to perform the essential functions of Plaintiff's position, or another vacant position, as alleged more

6   particularly above, constitutes unlawful discrimination pursuant to 42 U.S.C. §12112(b)(5)(A); 29 CFR

7   §1630.9.

8         33.     Defendant's conduct in limiting Plaintiff in Plaintiff's employment so as to adversely affect

9   Plaintiff's opportunities and status because of Plaintiff's disability, as alleged more particularly above,

10   constitutes unlawful discrimination pursuant to 42 U.S.C. §12112(b)(1); 29 CFR §1630.5.

11         34.     Defendant's conduct in terminating Plaintiff's employment because of Plaintiff's disability,

12   as alleged more particularly above, constitutes unlawful discrimination pursuant to 42 U.S.C. §12112; 29 CFR

13   §1630.4(b).

14         35.     As a direct and proximate result of Defendant's discrimination against Plaintiff because of

15   Plaintiff's disability, Plaintiff has suffered wage losses and benefits, and lost employment and advancement

16   opportunities, both past and future.

17         36.     As a further direct and proximate result of Defendant's discrimination against Plaintiff because

18   of Plaintiff's disability, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary

19   losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

20         37.     Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged

21   herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring

22   Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights.

23   Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at

24   trial.

25         38.     As a result of Defendant's discriminatory conduct, as alleged herein, Plaintiff is entitled to

26   reasonable attorneys' fees, litigation costs, and expert witness fees pursuant to 42 U.S.C.§ 12117(a), which

1    incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-5(k).

2        WHEREFORE Plaintiff prays for judgment as set forth below

3                                **SECOND CAUSE OF ACTION**
        **(DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF**
4                **THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)**

5        39.    Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as

6    if fully set forth herein.

7        40.    Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

8        41.    Defendant was at all material times Plaintiff's employer within the meaning of California

9    Government Code section 12926(d) and, as such, was barred from discriminating against Plaintiff in

10   employment decisions and practices on the basis of Plaintiff's disability pursuant to California Government

11   Code §12940(a).

12       42.    Plaintiff has been at all material times a qualified individual with a disability pursuant to

13   California Government Code §12926, as Plaintiff was an individual with disabilities who could perform the

14   essential functions of Plaintiff's position, or another vacant position, with or without reasonable

15   accommodation.

16       43.    Defendant discriminated against Plaintiff because of Plaintiff's disability by refusing to provide

17   Plaintiff reasonable accommodation for Plaintiff's known disability, by terminating Plaintiff's employment

18   because of Plaintiff's disability, Defendant's perception of Plaintiff as a person with a disability, and Plaintiff's

19   request for accommodation in violation of §12940(a).

20       44.    As a direct and proximate result of Defendant's discrimination against Plaintiff because of

21   Plaintiff's disability, Plaintiff has suffered wage losses and benefits, and lost employment and advancement

22   opportunities, both past and future.

23       45.    As a further direct and proximate result of Defendant's discrimination against Plaintiff because

24   of Plaintiff's disability, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary

25   losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

26       46.    Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged

COMPLAINT; DEMAND FOR JURY TRIAL                                  6

herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

47.     As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, as provided by California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
### (FAILURE TO PROVIDE REASONABLE ACCOMMODATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)

48.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

49.     Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

50.     Defendant failed and refused to provide Plaintiff reasonable accommodation for Plaintiff's disability in violation of California Government Code §12940(j)(1).

51.     As a direct and proximate result of Defendant's failure and refusal to provide reasonable accommodation for Plaintiff's known disability, Plaintiff has suffered lost wages and benefits, and lost employment and advancement opportunities, both past and future.

52.     As a further direct and proximate result of Defendant's failure and refusal to provide reasonable accommodation for Plaintiff's known disability, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

53.     Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

54.     As a result of Defendant's failure and refusal to provide reasonable accommodation for Plaintiff's known disability, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, as provided by California Government Code section 12965(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

**FOURTH CAUSE OF ACTION**
**(FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS SO AS TO**
**IDENTIFY AND PROVIDE A REASONABLE ACCOMMODATION FOR A DISABILITY**
**IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT)**

55.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

56.     Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

57.     Defendant failed and refused to engage in good faith in an interactive, fact-gathering process with Plaintiff to ascertain the scope, nature and extent of Plaintiff's need for reasonable accommodation in violation of California Government Code §12940(n).

58.     As a direct and proximate result of Defendant's failure and refusal to engage in the interactive process, Plaintiff has suffered lost wages and benefits, and lost employment and advancement opportunities, both past and future.

59.     As a further direct and proximate result of Defendant's failure and refusal to engage in the interactive process, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

60.     Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

61.     As a result of Defendant's failure and refusal to engage in the interactive process, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, as provided by California Government Code section

12965(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT OF 1991)

62.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

63.     Plaintiff has fulfilled all administrative prerequisites to the filing of this cause of action.

64.     Defendant was at all relevant times Plaintiff's "employer" within the meaning of California Government Code section 12945.2(B)(2) and, as such, barred from discriminating in employment decisions on the basis of the California Family Rights Act of 1991 ("CFRA"), California Government Code §12945.2. Specifically, during all relevant times, Defendant employed over 50 employees within 75 miles of the work location where Plaintiff was employed.

65.     Plaintiff was at all material times an "employee" covered by California Government Code section 12945.2.  Specifically, Plaintiff was employed by Defendant for over twelve months and worked for Defendant over 1,250 hours during the final year of Plaintiff's employment.

66.     Defendant interfered with, discriminated against, retaliated against and ultimately terminated Plaintiff because of Plaintiff's stated need for and taking of medical leave to seek treatment for, and to recover from, Plaintiff's serious health condition, in violation of California Government Code §12945.2.

67.     As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered lost past and future wages and benefits, and other compensatory damages in an amount according to proof at trial.

68.     As a proximate result of Defendant's interference, discrimination and retaliation, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation and emotional distress all to his damage in an amount according to proof at trial.

69.     Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights.

Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

70.     As a result of Defendant's conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, pursuant to California Government Code § 12965(b).

WHEREFORE Plaintiff prays for judgment as set forth below.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993)

71.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

72.     Defendant was at all relevant times Plaintiff's "employer" within the meaning of that term as defined under the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. section 2611(4)(A).  Specifically, during all relevant times, Defendant employed at least 50 employees within 75 miles of Plaintiff's work location.

73.     Plaintiff was at all relevant times Defendant's "employee" within the meaning of that term as defined under the FMLA, 29 U.S.C. section 2611(2)(A).  Specifically, Plaintiff was employed by Defendant greater than 12 months and 1,250 hours as of the final year of Plaintiff's employment.

74.     Defendant interfered with, discriminated against and terminated Plaintiff in retaliation for Plaintiff's stated need for and taking of a protected medical leave, in violation of the FMLA.

75.     As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered lost past and future wages and benefits, and other compensatory damages in an amount according to proof at trial.

76.     Defendant committed the acts alleged herein willfully.  Plaintiff is entitled to recover liquidated damages from Defendant in an amount according to proof at trial.

77.     As a result of Defendant's interference, discrimination and retaliation as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and litigation costs, pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE Plaintiff prays for judgment as set forth below.

### SEVENTH CAUSE OF ACTION
### (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)

78.  Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

79.  The wrongful termination of Plaintiff's employment was in violation of the public policies of the State of California and the United States of America in that Plaintiff was discriminated against, retaliated against and, ultimately, terminated due to Plaintiff's disabilities and need for medical leave and accommodation, in violation of the ADA, the FEHA, the CFRA and the FMLA.

80.  As a result of the wrongful termination of Plaintiff's employment in violation of the ADA, the FEHA, the CFRA and the FMLA, Plaintiff has suffered lost past and future wages and benefits, and other compensatory damages in an amount according to proof at trial.

81.  As a proximate result of Defendant's retaliatory and discriminatory conduct, Plaintiff has suffered and continues to suffer embarrassment, anxiety, humiliation, emotional distress, and hedonic damages all to his damage in an amount according to proof at trial.

82.  Plaintiff is informed and believes that Defendant committed the discriminatory acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff is entitled to recover punitive damages against Defendant in an amount according to proof at trial.

WHEREFORE Plaintiff prays for judgment as set forth below.

WHEREFORE, Plaintiff requests judgment in Plaintiff's favor and against Defendant for all causes of action as follows:

1.  For past and future economic damages including, but not limited to, lost past and future wages and benefits and earning capacity, and for interest thereon;

2.  For past and future non-economic damages including, but not limited to, past and future mental and emotional distress, pain and suffering and other general damages suffered by Plaintiff, according to proof

at trial;

3.      For punitive damages;

4.      For liquidated damages under the provisions of the FMLA;

5.      For reasonable attorney's fees incurred by Plaintiff herein;

6.      For costs of suit incurred herein; and

7.      For such other and further relief as this Court considers just and proper.

DATED: November 21, 2013

By:     /s/ Alan Adelman
        ALAN ADELMAN
        Attorney for Plaintiff

### JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this complaint.

Dated: November 21, 2013

By:     /s/ Alan Adelman
        ALAN ADELMAN
        Attorney for Plaintiff

**COMPLAINT; DEMAND FOR JURY TRIAL**